**IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF ILLINOIS
EASTERN DIVISION**

| | | |
|---|---|---|
| **UNITED STATES OF AMERICA,** | ) | |
| | ) | |
| | ) | **No. 14 cr 601-2** |
| **v.** | ) | |
| | ) | **Judge Jorge Alonso** |
| **DONNA BARBER,** | ) | |
| | ) | |
| **Defendant.** | ) | |

## ORDER

Defendant's motion to quash the citation to discover assets and release the held funds [73] is denied, and the Government's consolidated motion for turnover [78] is granted. If the Government requires a more specific order, it is directed to submit a proposed order to the Court's proposed order email inbox at proposed_order_Alonso@ilnd.uscourts.gov.

## STATEMENT

Defendant pleaded guilty to the offense of falsifying bank records pursuant to 18 U.S.C. § 1005. On May 27, 2015, this Court sentenced her to a day's imprisonment and a year's supervised release and imposed an assessment of $100 and restitution in the amount of $684,938. It ordered defendant to pay restitution in monthly installments of 10% of her net monthly income.

Defendant has made all scheduled monthly payments since the sentence was imposed. Nevertheless, the Government has issued citations to discover assets and frozen funds defendant possesses in two individual retirement accounts (IRAs) and two life insurance policies with cash surrender value. Defendant moved to quash the citations and release the held funds; the Government has moved for turnover orders.

Defendant's position is that the Court has not ordered her to pay restitution except according to the payment plan, which requires defendant to pay only 10 percent of her net monthly income, and no amount of restitution aside from her monthly payment amount is presently due. According to defendant, the Government simply has no right to any of defendant's property or funds as long as she is making her monthly payments.

The Government argues that, based on the language of the plea agreement, the Court's language at sentencing, and the language of the written judgment, it is clear that the full amount of the judgment *is* presently due and has been since defendant began to serve her sentence, so the government has every right to enforce its judgment lien against the assets defendant holds in her IRAs and her insurance policies. In particular, the Government points out that, in the plea agreement, defendant agreed that the Government "may enforce collection of any fine or restitution imposed in this case pursuant to Title 18, United States Code, Sctions 3572, 3613, and 3664(m), *notwithstanding any payment schedule set by the Court*" (emphasis added).

The parties have briefed the present motions extensively, venturing into obscure nuances of judgments, liens and remedies, but defendant's argument founders on the relatively simple issue of whether this Court ordered at sentencing that the full amount of restitution is immediately due. It is clear from both the Court's written judgment and its oral pronouncements at sentencing (defendant suggests that there is some contradiction between them, but the Court sees none) that defendant was ordered to pay the full amount of restitution and, to the extent any amount remained unpaid at the commencement of her supervised release, she was to pay it in monthly installments of *at least* 10 percent of her net monthly income. The monthly installment is a floor, not a ceiling, *see United States v. Fariduddin*, 469 F.3d 1111, 1113 (7th Cir. 2006),

and nothing in the Court's order prevents the Government from attempting to collect the amount due by means other than and in addition to the installment payments.

Defendant urges the Court to follow the Tenth Circuit's decision in *United States v. Martinez*, 812 F.3d 1200 (10th Cir. 2015), but that case provides no support for defendant's position because it is factually distinguishable. In *Martinez*, the Tenth Circuit found an inconsistency in, on the one hand, the oral pronouncement at sentencing that the defendant would have to pay restitution in monthly installments of a percentage of his net monthly income (*i.e.*, precisely that amount, no more and no less), and, on the other hand, the written judgment, which required the defendant to pay "no less" than a monthly minimum amount. The Court finds no such inconsistency in this case. Defendant cites the Court's initial remarks at sentencing concerning the payment schedule (Sentencing Tr. at 50, ECF No. 94), but fails to account for the Court's later remarks, during the discussion of the conditions of supervised release, in which the Court stated on the record that defendant is to pay "any financial penalty that is imposed and remains unpaid at the commencement of the term of supervised release" and "[t]he defendant's monthly payment schedule shall be ***at least*** 10 percent of defendant's net monthly income" (*id.* at 54 (emphasis added)). This language closely tracks the language on page 5 of the written judgment at bullet point (10). (*See* Judgment, ECF No. 59.)

Further, in *Martinez*, the Schedule of Payments portion of the written judgment clarified that ***only*** the installment payments were due at sentencing. In this case, the Schedule of Payments portion of the written judgment confirms precisely the opposite: it states that a "lump sum payment of $685,038.00" is "due immediately," although defendant was ordered to pay in monthly installments of 10 percent of net monthly income because she could not pay it in one lump sum. (*See* Judgment, Schedule of Payments, ECF No. 59, at 7.) Thus, as in *Martinez*, the

Schedule of Payments portion of the written judgment clarifies the meaning of the oral sentence. It may be true that any contradiction between the oral sentence and the written judgment must be resolved in favor of the oral sentence, but there is no contradiction or inconsistency here. The oral pronouncement and the written judgment, read together, the one in light of the other, both suggest that the full amount of restitution was due immediately when defendant began to serve her sentence, notwithstanding that she was allowed to make payments on an installment basis.

Similarly, in *Fariduddin*, the Seventh Circuit concluded that there was no contradiction or inconsistency in the fact that, on the one hand, the terms of the plea agreement provided that the full amount of the debt was due and payable immediately, and, on the other hand, the Court set a payment schedule at sentencing for the defendant to follow when he began to serve his supervised release. These seemingly contradictory facts could be reconciled by interpreting the plea agreement and the sentence together to mean that the debt was due and payable immediately, according to the terms of the plea agreement, but the district judge set a minimum installment payment as a condition of supervised release by ordering defendant to pay "not less than" a specified amount per month, which was a floor amount, not the precise figure that the Government was permitted to recover in a given month. 469 F.3d at 1113.

There is little to distinguish this case from *Fariduddin* (which, unlike *Martinez*, is binding on this Court). The language of the plea agreement is slightly different (*compare id.* at 1112 *with* Plea Agreement, ¶¶ 17-19, ECF No. 26), but the differences are not material. In this case, defendant agreed that "restitution shall be due immediately" and that the Government could enforce restitution pursuant to 18 U.S.C. §§ 3572, 3613 and 3664(m), "nowithstanding any payment schedule set by the Court." (Plea Agreement, ¶¶ 17, 19, ECF No. 26.) Because restitution was due immediately, the Government had a lien it could properly enforce under 18

4

U.S.C. § 3613. The Court need not wade into the parties' arguments about the breadth of the Government's power to collect criminal judgments and whether *Martinez* was wrongly decided with respect to that power because this Court concludes that, in this particular case, the Government's attempts to execute the judgment against the funds in the IRAs and the life insurance policies are consistent with the terms of the sentence imposed by this Court and the plea agreement defendant entered into.

Defendant argues that even if the Government's actions are not improper, it remains the case that it falls to this Court, not the Government, to control how defendant must pay restitution, and this Court may now order defendant to pay restitution only in the form of monthly installment payments or only of some portion of the value of the funds in the IRAs and the life insurance policies, rather than their entire value. The Government asserted at argument that, even if this is true, requiring defendant to turnover these assets causes no great hardship to defendant, such as by interfering with her ability to provide food and shelter for herself or her family, that would justify modifying the sentence. The Court agrees with defendant. The restitution is a mandatory part of the sentence that, as defense counsel admitted at sentencing, defendant will never be able to pay in full within the maximum term prescribed by statute. If the Government sees fit to seek restitution for the victim of defendant's crime from assets of defendant other than her monthly installment payments, this Court will not interfere.

**SO ORDERED.**

**ENTERED:** August 17, 2016

_____
**HON. JORGE ALONSO**
**United States District Judge**

5